UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAWN MURPHY,

                Plaintiff,

v.                              Case No. 18-cv-584-pp

C. HARTMAN, JAMES MUENCHOW,
N. KAMPHUIS, BRETT HELMER,
AIMEE WILSON, and WISCONSIN
DEPARTMENT OF CORRECTIONS,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

       The plaintiff, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. Dkt. No. 1. This decision resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.   Motion for Leave to Proceed without Prepayment of the Filing Fee (Dkt. No. 2)**

       The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee, if he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C.

§1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On May 7, 2018, the court granted the plaintiff's motion to pay the initial partial filing fee from his release account, and directed the Waupun Correctional Institution to forward the initial partial filing fee of $1.73 to the clerk of court by May 21, 2018. Dkt. No. 8. The court received that fee on June 6, 2018. The court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Plaintiff's Complaint**

    A.    *Federal Screening Standard*

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that: 1) someone deprived him of a right secured by the Constitution or laws of the United States; and 2) the person who deprived him of that right was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B. *The Plaintiff's Allegations*

The plaintiff is incarcerated at the Waupun Correctional Institution (Waupun). Dkt. No. 1 at 1. He has sued C. Hartman, James Muenchow, N. Kamphuis, Brett Helmer, Aimee Wilson and the Wisconsin Department of Corrections. Id. at 1-2.

The plaintiff alleges that defendant C. Hartman works in the Waupun business office. Id. at 3. He says that on March 30, 2015, all his legal loans were suspended for thirty days because the plaintiff "had made a mistake trying to use a loan to file a complaint at Dane Cty Court." Id. at 3. The plaintiff states that during the thirty-day suspension, he could not file a petition for review to the Wisconsin Supreme Court. Id. at 4. According to the plaintiff, the

thirty-day deadline to file his petition passed and the Wisconsin Supreme Court would not enlarge the deadline. Id.

The plaintiff alleges that after the thirty-day suspension, he filed a loan application for a legal loan for a criminal appeal. Id. at 5. The plaintiff says that the loan application was denied on May 1, 2015, because the plaintiff did not make clear what he needed. Id. The plaintiff states that all his loan applications were denied, stating "the original appeal was done." Id. According to the plaintiff, he did not understand what Hartman told him and he believes that he could still file an appeal to the Wisconsin Supreme Court. Id. It appears that Harman denied the plaintiff's request for a loan because his original appeal had concluded, but the plaintiff asserts that there are other ways to file cases in the Wisconsin Supreme Court other than by direct appeal. Id. He says that he wanted to file an "809.62 petition," presumably referring to Wis. Stat. §809.62, which allows a party to appeal an adverse decision of the court of appeals. Id.

Next, the plaintiff alleges that defendant Muenchow, who is the institution complaint examiner, investigated the inmate complaint that the plaintiff filed related to the denial of his legal loan applications. Id. at 6. Muenchow allegedly found that inmate complaint WCI-2015-8421 should be rejected and that the issue was moot because the plaintiff had received a decision from the Wisconsin Supreme Court and that "we don't allow numerous appeals of appeals." Id. The plaintiff states that Muenchow's determination was untrue, that he could appeal all the way to the United States Supreme Court. Id. The plaintiff also mentions complaint WCI-2015-

4

20189, and it appears that defendant Muenchow was the institution complaint examiner for that inmate complaint. Id.

The plaintiff alleges that on April 12, 2016, he filed a request slip to defendant Ms. Kamphuis, who is the "business supervisor," and explained how he had a right to file a petition for review to the Wisconsin Supreme Court. Id. at 7. Based on exhibits the plaintiff attached to his complaint, defendant Kamphuis responded and acknowledged that a mistake may have been made in denying the original legal loan request. Dkt. No. 1-1 at 40. The plaintiff alleges that it was not a mistake but that Kamphuis failed to follow DAI Policy 309.51.01 and that, as a result, the plaintiff lost his right to have the Wisconsin Supreme Court review his appeal. Dkt. No. 1 at 7.

Next, the plaintiff alleges that defendant Brett Helmer, who is the education director, knew or should have known about the plaintiff's limitations. Id. at 8-9. He says that these limitations impede his ability to get meaningful and equal access to the courts. Id. at 11. The plaintiff refers to correspondence he had with Helmer in 2017 which note the plaintiff's limitations or special needs, such as literacy. Id. at 8.

The plaintiff alleges that defendant Aimee Wilson has been the "ADA Coordinator" at Waupun since November 2017. Id. at 10. On December 29, 2017, defendant Wilson allegedly denied the plaintiff's "DOC 2530 Reasonable Modification/Accommodation Request Under 42 U.S.C. § 1213," because "no documentation of a disability at health or psychological service." Id.

Finally, the plaintiff names the Wisconsin Department of Corrections as a defendant, as "defendants' employer." Id. at 11.

For relief, the plaintiff seeks damages for the violation of his right to access the courts. Id. at 12.

C.   *The Court's Analysis*

To state a valid access-to-the-courts claim, the plaintiff must minimally allege both that prison officials failed to help him prepare and file meaningful legal papers, and that he lost a valid legal claim or defense because of the challenged conduct. See Ortiz v. Downey, 561 F.3d 664, 671 (7th Cir. 2009); Marshall v. Knight, 445 F.3d 965, 969 (7th Cir. 2006). The complaint must contain some information connecting the alleged denial of access to legal materials and the unfavorable legal result of which the plaintiff complains. Ortiz, 561 F.3d at 671; Tarpley v. Allen Cty., Ind., 312 F.3d 895, 899 (7th Cir. 2002).

The plaintiff has alleged sufficient facts to allow him to proceed on an access-to-the-courts claim against defendant Hartman, based on his allegation that Hartman suspended the plaintiff's ability to obtain legal loans for thirty days, preventing him from timely filing a petition to the Wisconsin Supreme Court, and his allegation that Hartman subsequently denied the plaintiff's request for a legal loan.

The court will not allow the plaintiff to proceed against defendant Muenchow, because he alleges only that Muenchow ruled on an administrative grievance after the alleged violation took place. See Burks v. Raemisch, 555

6

F.3d 592, 595-96 (7th Cir. 2009) (prison officials who reject prisoners' grievances do not become liable just because they fail to ensure adequate remedies).

The court also will not allow the plaintiff to proceed against Kamphuis, Helmer or Wilson, because he does not allege that they had any personal involvement in the alleged violation. See Alejo v. Heller, 328 F.3d 930, 936 (7th Cir. 2003) (commenting that §1983 defendant must have personally participated in constitutional deprivation); Perkins v. Lawson, 312 F.3d 872, 875 (7th Cir. 2002) (noting no §1983 supervisor liability). While the plaintiff alleges that these defendants knew about his situation, he does not allege that they personally deprived him of access to the courts.

Finally, the plaintiff may not proceed against the Wisconsin Department of Corrections because it is entitled to sovereign immunity and is immune from suit. Mayhugh v. State, 364 Wis. 2d 208, 224 (2015).

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants Muenchow, Kamphuis, Helmer, Wilson and the Wisconsin Department of Corrections.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court **ORDERS** the clerk's office to electronically send copies of the plaintiff's complaint and this order to the Wisconsin Department of Justice for service on defendant Hartman.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court **ORDERS** defendant Hartman to file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $348.27 balance of the filing fee, by collecting monthly payments from the account in an amount equal to 20% of the preceding month's income credited to the account and forwarding payments to the clerk of court each time the amount in the account exceeds $10, in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution. The court will send a copy of this order to Waupun Correctional Institution, where the plaintiff is currently housed.

The court **ORDERS** that the parties shall not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that, under the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. If the plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he must submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 27th day of August, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**