UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHAWN MURPHY,

                Plaintiff,

v.                                                  Case No. 18-cv-584-pp

CARLA HARTMAN,
now known as CARLA CLOVER,

                Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS (DKT. NO. 10), DENYING AS MOOT THE PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 14), AND DISMISSING CASE WITHOUT PREJUDICE**

---

      Plaintiff Shawn Murphy is a Wisconsin state prisoner representing himself. On August 27, 2018, court screened his complaint and allowed the plaintiff to proceed on a claim that defendant Carla Hartman denied him access to the courts when she allegedly suspended his ability to obtain legal loans for thirty days, which prevented him from timely filing a petition to the Wisconsin Supreme Court, and then subsequently denied him a legal loan. Dkt. No. 9 at 6. The court determined that the plaintiff had not stated claims for relief against the other defendants named in the complaint and dismissed them. Id. at 6-7. Since then, the plaintiff has filed a motion to dismiss the entire case because the court did not allow him to proceed against four other individuals named in the complaint. Dkt. No. 10. The court did not rule on that motion right away. As a result, about seven weeks after the plaintiff filed the motion, the defendant filed an answer. Dkt. No. 14. The plaintiff responded by filing a motion asking about the status of his motion to dismiss and asking the court to give him more time to figure out what to do about the answer. Dkt. No. 14.

The court did not allow the plaintiff to proceed on a claim against defendant Muenchow because the plaintiff alleged only that Muenchow ruled on an administrative grievance after the alleged violation took place. Dkt. No. 9 at 6-7. The court did not let the plaintiff proceed against defendants Helmer, Wilson and Kamphuis because he did not allege that they had personal involvement in the alleged violation. Id. at 7.

In his motion to dismiss, the plaintiff reiterates his belief that these defendants did violate his rights. Dkt. No. 10 at 1-4. He does not argue that the court's screening order erroneously dismissed the four former defendants. Nonetheless, the court has reviewed the plaintiff's complaint and the screening order, and it would not reinstate any of the defendants. Thus, to the extent that the plaintiff wants the court to reconsider its decision to dismiss the four defendants, the court would deny his request.

The plaintiff asks to dismiss the case because he sees no point in continuing if the court will not let him proceed against all five of the defendants he originally sued. Dkt. No. 10. That is his decision and his choice. The court will grant this request and dismiss the case without prejudice. See Fed. R. Civ. P. 41(a).

In the plaintiff's request for status of his motion to dismiss, the plaintiff reiterates that prison staff have violated his constitutional rights. Dkt. No. 14 at 1. He also states that the court did not understand his complaint because his impairments impede his ability to be understood. Id. at 2. The court believes that it understood the plaintiff's complaint, and it understands why he believes that Muenchow, Helmer, Wilson and Kamphuis should be liable for what happened to him. The court dismissed those defendants because the law does not provide for liability under the circumstances the plaintiff has

2

described. The plaintiff disagrees; he feels that defendants like these should be liable. The court understands, but it is required to follow the law.

The plaintiff does not have to respond to the defendant's answer. Even though the plaintiff has stated a claim against defendant Hartman (now Clover), he has told the court that he does not want to proceed against her unless he also can proceed against the four prison officials the court dismissed at screening. The plaintiff cannot proceed against those individuals. So, because the court is granting the plaintiff's request to dismiss his case against Clover, he does not need to do anything further.

The court **GRANTS** the plaintiff's motion to dismiss the case. Dkt. No. 10.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**.

The court **DENIES AS MOOT** the plaintiff's motion for extension for time. Dkt. No. 14.

Dated in Milwaukee, Wisconsin this 19th day of November, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**